**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PHYSICIANS IMAGING—LAKE CITY,
LLC,

        Plaintiff,

                                  Case No. 3:20-cv-1197-J-34JRK

v.

NATIONWIDE GENERAL INSURANCE
COMPANY,

        Defendant.

_____/

## O R D E R

      **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Federal courts are courts of limited

jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.

<u>See</u> <u>Kirkland v. Midland Mortgage Co.</u>, 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This

obligation exists regardless of whether the parties have challenged the existence of

subject matter jurisdiction.  <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410

(11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject

matter jurisdiction <u>sua</u> <u>sponte</u> whenever it may be lacking.").  "In a given case, a federal

district court must have at least one of three types of subject matter jurisdiction: (1)

jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to

28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  <u>Baltin v.

Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

On October 21, 2020, Defendant Nationwide General Insurance Company filed a notice of removal notifying the Court of its intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has subject matter jurisdiction over this action. See generally Notice of Removal (Doc. 1; Notice).  Specifically, Nationwide asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332.  See id. ¶ 15.  Properly recognizing that the citizenship of a limited liability company is that of its members, Nationwide asserts that "[t]he member" of Plaintiff Physicians Imaging—Lake City, LLC is Physicians Imaging, LLC, and "[t]he member" of Physicians Imaging, LLC is Elias Gerth.  Id. ¶ 6.  As to Elias Gerth, Nationwide maintains that he "resides" at a Florida address, and "[a]s such" is a citizen of Florida.  Id.  Upon review of the relevant authority, it is unclear whether Nationwide has sufficiently identified Gerth's citizenship, as opposed to merely his residence, for purposes of diversity jurisdiction, and the Complaint (Doc. 1-1) does not offer sufficient additional information to satisfy the Court's jurisdictional inquiry.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides.  See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th

Cir. 2002) (quotation and citation omitted).  By concluding that Gerth is a citizen in Florida because he resides in Florida, Nationwide appears to equate Gerth's residence with Gerth's domicile, but these two terms are not synonymous.  See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence'").  Rather, the Eleventh Circuit has repeatedly held that "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."  Taylor, 30 F.3d at 1367 (emphasis supplied).  Thus, for purposes of determining whether a party has adequately pled a basis for subject matter jurisdiction, the Court cannot simply presume that an allegation regarding a party's residence establishes that party's citizenship.  See Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("As we indicated in remanding this case for jurisdictional findings, the allegations in [plaintiff's] complaint about her citizenship are fatally defective. Residence alone is not enough."); see also Costa v. Dollar Tree Stores, Inc., Case No. 2:13-cv-655-FtM-38DNF, 2013 WL 12156449, at *2 (M.D. Fla. Sept. 16, 2013) (finding an allegation of residence in a notice of removal insufficient and rejecting the argument "that the current residence of a party is prima facie evidence of his domicile").  Thus, the information presently alleged in the Notice and the Complaint is insufficient for the Court to determine whether the parties to this action are diverse.[1]

---

[1] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017.  See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1315-1317 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1221-1222, 1228 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions,

In addition, the Court is unable to determine whether the amount in controversy requirement is satisfied here.  In the Complaint, Plaintiff alleges that it has "suffered a loss of income due to the global pandemic of 2020."  See Complaint ¶ 4.  Plaintiff seeks a declaratory judgment that its contract of insurance with Nationwide covers these losses. See id. ¶¶ 32-37.  As alleged in the Complaint, the amount in controversy "exceeds $30,000.00," id. ¶ 1, however the Complaint is silent as to the specific amount of losses for which Plaintiff seeks coverage.  See generally Complaint.

Nationwide maintains that the amount in controversy exceeds $75,000 based on the following: 1) in the civil cover sheet filed with Plaintiff's Complaint, Plaintiff states that it is seeking $500,000 in damages for its claim, 2) the subject insurance policy provides "unlimited coverage for loss of business income," and 3) "[n]o payments were issued prior to the filing of the State Action."  See Notice ¶¶ 11-14.  However, like the Complaint, Nationwide's Notice provides no specific information from which the Court could reasonably infer the amount of Plaintiff's business losses.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists."  See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  See Dart Cherokee Basin Operating Co., 135 S. Ct. at 554.  If the plaintiff

---

but the result was a colossal waste of time and effort.  We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants.  In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met.  Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."  See Williams, 269 F.3d at 1320.  Indeed, the Court may not speculate or guess as to the amount in controversy.  See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).  Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations."  Id. at 754 (emphasis added).  In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing."  Id at 754 (emphasis added).[2]

Here, Nationwide fails to present a "plausible allegation" of the amount in controversy.  The Notice is devoid of any specific, factual information by which to determine whether Plaintiff's damages plausibly exceed the jurisdictional threshold.[3]  Nor

---

[2] The Court notes that Dart, Dudley and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA).  Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA.  See, e.g., Pretka, 608 F.3d at 752.  Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446."  Pretka, 608 F.3d at 756-57 & n.11 (citations omitted).  Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here.  See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

[3] For purposes of determining the amount in controversy, the Court finds the estimate contained in the civil cover sheet, unaccompanied by any supporting information, to be analogous to a barebones pre-

can the Court determine whether the amount in controversy is satisfied based on the generic, vague and categorical allegations of the Complaint.  Indeed, based on the allegations in the Notice and Complaint, the Court can do no more than speculate regarding the amount of Plaintiff's business losses.  Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'– only through speculation–and that is impermissible."  Id. at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of Nationwide's vague allegations of damages, and in the absence of any information regarding the amount of Plaintiff's business losses, the Court is unable to determine whether the amount in controversy requirement is satisfied here.

For the foregoing reasons, the Court will give Nationwide an opportunity to file an amended notice of removal which properly establishes diversity of citizenship between the parties and the amount in controversy.

Accordingly, it is **ORDERED**:

Nationwide shall have up to and including **November 5, 2020**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on October 23, 2020.

**MARCIA MORALES HOWARD**
United States District Judge

---

suit demand letter and thus, insufficient to demonstrate that the amount in controversy plausibly exceeds $75,000.  See Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (explaining that a demand for a lump sum amount "without the slightest suggestion how in the world the plaintiff[] could support such a figure," is considered nothing more than mere posturing).

lc11
Copies to:
Counsel of Record